*Order Entered September 22, 2006:*

*In re* TRUDEL, No. 121995. The motions for appointment of a receiver and for relief from orders are considered, and they are denied, because the Court is not persuaded that it should grant the requested relief. Petitioner Judicial Tenure Commission seeks the appointment of a receiver in its ongoing collection efforts against respondent former judge.

Petitioner requests a receivership over respondent's real property but has not shown that all less intrusive means, such as a creditor's examination, were ineffective. *Reed v Reed*, 265 Mich App 131, 162 (2005). Indeed, petitioner has not exhausted other remedies to pursue payment by respondent. See *Petitpren v Taylor School Dist*, 104 Mich App 283, 295 (1981). Our cases note that the appointment of a receiver is a "harsh proceeding, which should only be resorted to in extreme cases." *People v Israelite House of David*, 246 Mich 606, 618 (1929); *Michigan Minerals, Inc v Williams*, 306 Mich 515, 525 (1943). The appointment of a receiver at this juncture would be premature.

WEAVER, J. *(concurring)*. I concur in the order denying the motion for appointment of a receiver and for relief from orders. I write separately to note that my basis for denial of petitioner's motion is that there is no constitutional authority to assess costs against a judge. Subsection 2 of Const 1963, art 6, § 30 provides that "the supreme court may censure, suspend with or without salary, retire or remove a judge . . . ." As I stated in my concurrence in *In re Noecker*, 472 Mich 1, 18-19 (2005), "Nothing in this constitutional provision gives this Court any authority to discipline the judge by assessing the judge the costs of the Judicial Tenure Commission proceedings against him or her."

*Orders Entered September 26, 2006:*

PROPOSED AMENDMENT OF RULE 3.932 OF THE MICHIGAN COURT RULES. On order of the Court, this is to advise that the Court is considering an amendment of Rule 3.932 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford interested persons the opportunity to comment on the form or the merits of the proposal or to suggest alternatives. The Court welcomes the views of all. This matter will be considered at a public hearing by the Court before a final decision is made. The schedule and agendas for public hearings are posted on the Court's website, www.courts. michigan.gov/supremecourt.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposals in its current form.

[The present language would be amended as indicated below.]

RULE 3.932 SUMMARY INITIAL PROCEEDINGS.

(A)-(B) [Unchanged.]

(C) Consent Calendar. If the court receives a petition, citation, or appearance ticket, and it appears that protective and supportive action by the court will serve the best interests of the juvenile and the public, the court may proceed on the consent calendar without authorizing a petition to be filed. No case may be placed on the consent calendar unless the juvenile and the parent, guardian, or legal custodian agree to have the